UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| D.R.M., *ON HIS OWN BEHALF AND ON BEHALF OF HIS MINOR CHILD J.J.R.S.*,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 2:25-cv-696 (KSH) (SDA)<br><br>**INITIAL PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for an initial pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 of the Federal Rules of Civil Procedure on **January 9, 2026** and for good cause shown:

**IT IS, on this 9th day of January, 2026,** hereby **ORDERED THAT:**

### I. DISCLOSURES

1. Fed. R. Civ. P. 26 initial disclosures are to be exchanged by **March 10, 2026**. Initial disclosures shall include, but not be limited to, production Common Discovery (as that term is defined in the parties' proposed joint discovery plan) as well as a package of Plaintiff-specific documents, including Plaintiffs' immigration and detention records, and deposition transcripts from identified other cases arising from family separation.

2. The parties shall participate in an e-discovery conference pursuant to Local Civ. R. 26.1(d) by **January 25, 2026**.

3. If applicable, a Local Civil Rule 7.1.1 statement shall be filed within **ten (10) days** of this Order.

### II. FACT DISCOVERY

4. Fact discovery shall be completed **within 120 days of the Court's decision on the pending Motion to Dismiss**. No fact discovery may be issued or engaged in beyond that date, except upon application and for good cause shown.

5. Initial discovery requests shall be served by **March 10, 2026**.

6. Interrogatories are limited to **25** single questions, inclusive of sub-parts, absent leave of Court.

7. Responses to discovery requests shall be served within thirty (30) days of receipt pursuant to Fed. R. Civ. P. 33 and 34. Full compliance with Local Civ. R. 33.1 and 34.1 is expected, and a privilege log should be served for any documents or information withheld on the grounds of privilege.

8. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed before the close of fact discovery. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated. Absent stipulation of all parties or leave of Court, each party shall be limited to **10** depositions. *See* Fed. R. Civ. P. 30(a)(2).

### III. EXPERT DISCOVERY

9. The deadlines for expert discovery shall be held in abeyance pending the Court's decision on the Motion to Dismiss.

### IV. DISCOVERY CONFIDENTIALITY ORDERS

10. Any proposed Discovery Confidentiality Order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3. Unless good cause is shown, the parties shall use the form included in Appendix S to the Local Civil Rules. If the proposed order differs from Appendix S, the parties must submit (i) a clean version of the proposed order that is ready for signature; and (ii) a red-lined version of the proposed order that delineates how it differs from Appendix S.

### V. DISCOVERY DISPUTES

11. Counsel shall confer in a good faith attempt to informally resolve any and all discovery or case management disputes **before** seeking the Court's intervention. Any dispute not resolved after counsel's good faith attempt shall be brought to the Court's attention by letter, no longer than 3 pages in length. In the letter, counsel shall describe the dispute with particularity and advise the Court of the specific efforts that were made to resolve the dispute before contacting the Court. **No discovery motion shall be filed without prior leave of Court.** *See* L. Civ. R. 37.1(a)(1); *see also* L. Civ. R. 16.1(f)(1).

### VI. MOTIONS

12. **No motions are to be filed without leave of Court, with the exception of motions in lieu of Answer under Fed. R. Civ. P. 12.** These prerequisites must be met, or the motion will be administratively terminated without prejudice. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b) and other applicable local and federal rules.

13. Unless otherwise directed by the Court, dispositive motions shall be filed within **45** days of the close of expert discovery or, if no expert discovery is required, within **45** days of the close of fact discovery. All dispositive motions must first be subject to a pre-hearing conference. Discovery generally must be completed prior to the filing of a dispositive motion.

14. Any request for leave to file a motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed within **30 days of the Court's decision on the pending Motion to Dismiss**. Before seeking Court leave to file a motion to amend a pleading, a party shall provide a draft of the proposed amended pleading to all parties in an effort to obtain consent to the amendment. Any request for leave of the Court to file a motion to amend shall attach, as an exhibit, a red-lined version of the proposed amended pleading delineating how it differs from the previous pleading. *See* Local Civ. R. 15.1.

## VII.  FUTURE CONFERENCES

15. The next conference shall be scheduling following the Court's decision on the pending Motion to Dismiss. The Court may from time-to-time schedule further conferences and/or a settlement conference as may be required, either *sua sponte* or at the request of a party. Counsel should be prepared to discuss settlement at every conference with the Court.

## VIII.  FINAL PRETRIAL CONFERENCE

16. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(e) on a date to be determined.

17. All counsel are directed to assemble at the office of Plaintiff's counsel not later than fourteen (14) days before the final pretrial conference to prepare the Final Pretrial Order in compliance with the form and content requirements of the Court. Plaintiff's counsel shall prepare the Final Pretrial Order and shall submit it to all other counsel for approval before submitting it to the Court.

18. The original of the Final Pretrial Order shall be delivered to Chambers in hard copy not later than **five (5) business** days before the final pretrial conference. All parties are responsible for the timely submission of the Final Pretrial Order.

## IX.    MISCELLANEOUS

19. Since all dates set forth herein are established with the assistance and knowledge of counsel and/or the parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

20. A copy of every pleading, document, or written communication with the Court shall be served on all other parties to the action or it may be disregarded by the Court.

21.     *Pro hac vice* counsel must be accompanied by local counsel for all Court appearances, whether in person or virtual, unless specific permission otherwise is obtained from the Court.

22.     The court strongly encourages parties and counsel to allow junior attorneys (i.e., attorneys in their first six (6) years of practice) to participate in conferences/present arguments whenever possible. If a motion is filed before Magistrate Judge Adams and a party provides advance notice to the Court that a junior attorney will present argument, Judge Adams may be more inclined to permit oral argument, and may permit more experienced counsel to assist in the argument should the need arise.

23.     **FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

*s/ Stacey D. Adams*
Hon. Stacey D. Adams
United States Magistrate Judge

Original:    Clerk of the Court
    cc:    Hon. Katharine S. Hayden, U.S.D.J.
           All Parties